**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LU ANNE ELLIOT, on behalf of herself and**
**Others similarly situated, who consent to**
**their inclusion**

      **Plaintiff**,

**v.**                                          **Case No.: 8:11-cv-2329-t-26AEP**

**STONEYBROOK GOLF & COUNTRY**
**CLUB OF SARASOTA, INC.,**

      **Defendant**.
_____/

<u>**ORDER**</u>

      **THIS CAUSE** comes before the Court for consideration of the parties' Joint Motion for Approval of Settlement ("the Motion"). (Dkt. 30) The parties request that the Court approve the settlement of the Fair Labor Standards Act claim and dismiss the case with prejudice.

      A claim brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353. To approve the settlement, the

district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Here, Plaintiff was employed by Defendant as a server in the restaurant of the golf and country club. (Dkt. 1) On or about October 12, 2011, Plaintiff, on behalf of herself and all other employees similarly situated, filed a complaint against Defendant for its alleged failure to comply with all aspects of the tip credit provisions of the FLSA. (Dkt. 1) Defendant denied the allegation and asserted several affirmative defenses in response to Plaintiff's allegations. (Dkt. 4) Nine individuals filed "opt-in" notices.  (Dkts. 6, 10-15, 27)  Through discussion between parties' counsel, the parties have reached a proposed settlement agreement to resolve the dispute. (Dkts. 26, 30)  The nine Opt-in Plaintiffs have reviewed the settlement and did not reject the settlement offer. (Dkt. 47-1 at P. 7 - 17)

In exchange for, inter alia, a release from all liability, Defendant has agreed to pay a Settlement Sum of (a)  $9,327.47 to Plaintiff Lu Anne Elliot, (b) $7,878.08 to Opt-in Plaintiff Benjamin Jackson, (c) $1,562.73 to Opt-in Plaintiff Jason Sandlin, (d) $6,788.27 to Opt-in Plaintiff Robert Gommer, (e) $10,453.40 to Opt-in Plaintiff Benjamin Gemesi, (f) $2,515.08 to Opt-in Plaintiff Ann Crawford, (g) $741.81 to Opt-in Plaintiff Elizabeth Joy Mclean, (h)  $6,325.48 to Opt-in Plaintiff Stephen Luther, (i) 2,457.09 to Opt-in Plaintiff Sarah Young, (j) $ 2,040.58 to Opt-in Plaintiff Katie Schneeberger, and (k) reasonable attorneys' fees, determined by the Court, to Plaintiffs' counsel, Feldman Fox & Morgado, PA. (Dkts. 47, 47-1) The parties were represented by counsel.  The attorneys' fees to be paid as part of the resolution of Plaintiffs' claims were not agreed

upon by the parties. The parties have asked the Court to determine a reasonable fee to be paid to Plaintiffs' counsel through the date of this Motion.  (Dkt. 47)

The parties agree "this is a fair and reasonable settlement of a bona fide dispute." (Dkt. 47 at P. 3) The parties agree "that the terms reflected in the Settlement Agreement are a mutually satisfactory compromise to resolve this dispute…." (Id.) Upon review of the Settlement Agreement, the Court finds that the parties' Settlement Agreement is fair and reasonable. However, the Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1.  Joint Motion for Approval of Settlement Agreement (Dkt. 47) is **GRANTED**.

2.  The Settlement Agreement and General Release (Dkt. 47-1) is **APPROVED** and shall **GOVERN** the parties' conduct in settlement of this civil action.

3.  The Defendant shall disburse the Settlement Sums  as set forth herein and in the parties' Settlement Agreement and General Release.

4.  Within **twenty-one (21) days** from the date of this Order, Plaintiffs are directed to file a separate motion for attorneys' fees.   Plaintiffs' motion for attorneys' fees shall include (1) a detailed billing statement which specifies what work counsel performed; the number of hours expended; and the rate per hour charged by any attorney or paralegal performing billable work in connection with the matter; 2) an affidavit as to the

reasonableness of the amount of attorneys' fees sought; and 3) substantiation of the basis and qualifications for the billing rates charged by the attorneys.

5.   This case is **ADMINISTRATIVELY CLOSED** pending receipt of the motion for attorneys' fees and costs.

6.    The motion for attorneys' fees and costs is **referred to the Magistrate Judge** for resolution or report and recommendation as appropriate.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of August 2012.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person