## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LU ANNE ELLIOTT, on behalf of herself
and others similarly situated, who consent
to their inclusion,

        Plaintiffs,

v.

STONEYBROOK GOLF & COUNTRY
CLUB OF SARASOTA, INC.,

        Defendant.
_____/

Collective Action Representation

Case No. 8:11-cv-2329

### AFFIDAVIT OF CHRISTINE R. SENSENIG, ESQ.

Before me, the undersigned authority, duly authorized to administer oath and take acknowledgments, personally appeared Christine R. Sensenig, Esq., who, after being by me first duly cautioned and sworn upon her oath, deposes and says:

1. I am the managing partner of the Sensenig Law Firm, P.A. My practice focuses on employment related matters representing both employees and employers. I regularly handle matters involving the Fair Labor Standards Act ("FLSA"), including FLSA Collective Action litigation, both on the plaintiff and the defense side.

2. I am a member of the Florida Bar and its Labor and Employment Section, the Eleventh Circuit Court of Appeals Bar, the Southern, Middle and Northern Districts of the United States District Court Bars for Florida, the Sarasota County Bar Association and its Labor and Employment Section, the American Bar Association and its Labor and Employment Section, the Florida Association of Women Lawyers, Florida and Sarasota

1

Chapters, and The Society for Human Resource Managers, National and Sarasota/Manatee Chapters.

3. I have lectured extensively on labor and employment issues, including presenting at national conferences in various states for the past three years about federal labor and employment related topics, including the FLSA, collective and class actions, and general FLSA litigation and compliance concerns. I have authored and appeared in numerous print articles and have been interviewed several times on local television discussing employment law topics. I have a blog that I update regularly with current labor and employment related topics.

4. I have been named a Florida Elite Labor & Employment Attorney by Florida Trend Magazine continuously since 2009.

5. I attended the University of Florida College of Law, where I was a Board member of the Moot Court. I published an article for the Entertainment, Arts, and Sports Law Journal, Volume Three, 1995. I was a research assistant during law school to Professor Thomas Cotter and was recognized in his published article in the 1996 Georgetown Law Journal on "Legal Pragmatism and the Law and Economics Movement." At the University of Florida I received the prestigious Civil Rights Book Award from renowned Civil Rights Professor Fletcher N. Baldwin, Jr., and the Federal Courts Book Award from Professor Thomas E. Baker, former Assistant to United States Supreme Court Justice William Rehnquist and author of the book "The Most Wonderful Work...Our Constitution Interpreted."

6. I received a Bachelor of Arts Degree in English Education, another Bachelor of Arts Degree in Humanities, both with honors, and a Master of Liberal Arts Degree, all from the University of South Florida prior to attending the University of Florida.

7. After graduating from the University of Florida in 1995 with my Juris Doctor, I accepted a clerkship at the Fourth District Court of Appeal with the Honorable Gary M. Farmer in West Palm Beach, Florida.

8. After completing my Clerkship, I became employed with the South Florida law firm of Richman Greer, followed by my association with Christine D. Hanley and Associates, a boutique employment law firm in West Palm Beach exclusively representing employers. I relocated to Sarasota, Florida and was employed by Kunkel Miller & Hament, another boutique employment firm representing management. At all of these firms I focused on employment related matters, including FLSA class and collective actions. I subsequently sought employment in-house with FCCI Insurance Group, where I assisted with Human Resource related functions for a 500+ employee regional insurance carrier, in addition to participating in numerous mediations for workers' compensation related matters. I conducted employment compliance training internally for FCCI and regularly provided updates as to employment law issues to upper management and to FCCI's Human Resources Vice-President.

9. I left FCCI in 2008 to join the Sensenig Law Firm, P.A. Since 2008 I have engaged in representing both employees and employers. I have filed and defended FLSA collective actions in the Middle District Court, and have offered expert affidavits in the Middle District in other FLSA related matters. In addition to FLSA matters, I have filed

and defended FMLA claims, discrimination and harassment claims under Title VII, non-competition and trade secret matters, Florida Civil Rights Act claims, Agricultural Workers Protection Act Claims, H-2A Visa compliance issues related to employment contracts, and drafted numerous handbooks and policy manuals for clients. I have litigated cases before the Middle District Court, the Southern District Court, the Northern District Court, and the Eleventh Circuit Court of Appeals. During my career, I have been involved in class and collective actions, and prospective collective and class actions, where hundreds of employees were involved or potentially involved.

10. I have reviewed the relevant pleadings, Plaintiffs' Motion for Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law, Plaintiffs' Expert Affidavit, the time sheets provided by Plaintiffs' counsel, and the Docket Entries found on PACER associated with this case's filings.

11. Based on my review of the information described above, this was "your typical FLSA case" in that the claims made were routine tip pool and FLSA overtime allegations. Nothing in my review of this case indicates that any novel or difficult issues were involved or that any particular expertise or skill was required such that almost $100,000.00 of fees would be reasonable.

12. Nothing in the file reflects any attempt by Plaintiffs' counsel to resolve this dispute prior to initiating litigation. At the time of filing the Complaint on behalf of Ms. Lu Anne Elliott, her FLSA claim recovery was likely nominal. This is important because in my experience a good faith attempt by counsel to discuss a resolution prior to initiating

litigation often results in the parties obtaining a result favorable to all parties, without incurring all of the time and expense involved in litigation.

13. Without Defendant's consent, Plaintiffs' counsel moved to delay the Court-ordered mediation, and to avoid attendance of all parties at mediation. Although the court did not provide the requested relief, only two of the ten Plaintiffs attended the mediation.

14. Based upon the records reviewed and based upon conversations with Defendant's counsel, Defendant's counsel had a cooperative relationship with Plaintiffs' counsel such that case management conferences and settlement negotiations were not made difficult or overly time consuming.

15. It also appears Defendant provided a *bona fide* and case ending defense of the recreational and seasonal establishment exemption to Plaintiffs' allegations. Rather than litigate the matter, each party appeared to make a personal or business judgment to settle the matter rather than try their theory in this Court.

16. Of significance, Plaintiffs' Complaint and First Amended Complaint are very detailed and contain specific information as to tip pooling, the facts surrounding named Plaintiff Lu Anne Elliott's employment, and the provisions at issue from the FLSA. As such, the time expended at the beginning of this case in developing the facts and the law for litigation should have then resulted in less time being expended later in discussing the progression of the case at the Case Management Conference, Motion for Certification, and for mediation preparation.

17. While it is an attorney's job to vigorously protect a client's interest, it is unreasonable to expend tens of thousands of dollars to litigate this type of matter, or

make demands for unreasonably high settlements, to ultimately inflate the generous attorneys' fee awards which may be available under the FLSA. In this case, as of February 24, 2012, in the Plaintiffs' Responses to Court Ordered Interrogatories (due the month following the January 10, 2012 Case Management Order) Plaintiffs <u>each</u> claimed $105,000 in attorneys' fees (See Answer(s) to Interrogatory, No. 9). Such indicates a quick cut and paste edit of a document, or an inflated sense of case value.

18. In this case, the underlying litigation was relatively brief, lasting eight (8) months between the filing of the Complaint on October 14, 2011 and the parties notifying the Court of having reached a settlement on June 13, 2012, and perhaps more relevant, was at issue just four and a half months (4.5) months from the filing of the Amended Complaint through the April 20, 2012 settlement offer, which was accepted and resulted in an April 25, 2012 Order staying litigation.

19. There is nothing in my review of the file which justifies more than 250 hours $96,255.00 worth of time now sought for approximately thirty-five 35 weeks of litigation prior to settlement (calculated from the October 2011 filing date through the June 2012 settlement date).

20. Plaintiffs' counsel propounded discovery prior to completing the case management conference which was not an efficient use of time and was not permitted by the Rules, did not take a single deposition, and did not provide Defendant with any discovery responses other than the Court-ordered exchanges, which included multiple identical interrogatory responses (Samples of which are attached as Exhibit 1).

Defendant, who appeared focused on an early resolution to avoid payment of attorney's fees, never propounded a single discovery request.

21. Plaintiffs' counsel's subsequent timely discovery requests were primarily boilerplate.

22. There is nothing in my review of the case which reflects that the decision by Plaintiffs' counsel to accept representation of the Plaintiffs in this case prevented counsel from taking on any other cases. In my experience, attorneys such as Mr. Morgado who focus their practice on FLSA litigation routinely handle high-volume practices and regularly have many cases ongoing simultaneously. Representing employees in FLSA litigation is a very competitive market for Plaintiffs' attorneys because FLSA cases can be quite desirable for Plaintiffs' attorneys.

23. There were no time limitations which complicated this representation for Plaintiffs' counsel.

24. In my experience, many employers simply elect to settle FLSA litigation solely to avoid the expense of their own ongoing attorneys' fees to defend against such claims because, even if successful, the vast majority of employers defending FLSA litigation will not recover their own attorneys' fees.

25. The Parties' Joint Motion for Approval of Settlement states that the Plaintiffs' claimed entitlement to $350,000, plus fees and costs, which indicates that the $50,000 settlement amount favored the Defendant.

26. The undersigned submits that Plaintiffs' counsel's request for fees and costs totaling $96,255.00 is excessive for this case, and for the level of experience of Mr. Morgado.

27. Fee applicants must exercise billing judgment. This analysis focuses on the exclusion of hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel. Counsel for a prevailing party is expected to make a good faith effort to exclude from a fee request hours which are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from counsel's fee submission. If fee applicants do not exercise billing judgment, courts are obligated to exercise such judgment for them by cutting the amount of hours for which payment is sought. Based on my review of Plaintiffs' counsel's time records, it does not appear that counsel exercised billing judgment.

28. A review of Plaintiffs' counsel's time records reflects numerous entries which are excessive and otherwise not reasonably expended on the litigation and therefore should not be awarded. These excessive and erroneous time entries are addressed by category with specific examples provided.

29. The following time entries appear to be in error and should be deducted before any further analysis is made: The Chart, attached as Exhibit 2, lists the dates of entries in each category. This Chart is an attempt to classify each entry in an appropriate category in order to address categories rather than each individual entry. However, certain entries, such as the billed 30 hour phone call, require individual attention.

a. **Scrivener's Error.** Scrivener's/time entry error on February 27, 2012. Thirty hour telephone conference should be .3 hours. **(Allow 0.30; 29.7 hour reduction.)**

b. **NO CHARGE.** Entries marked "NO CHARGE" erroneously included in billing (September 5, 2011, November 2, 2011, November 17, 2011, December 7, 2012), were apparently inadvertently included as 2.5 hours in the total sought. **(2.5 hour reduction.)**

c. **Unqualified.** Charges for time after the Settlement Agreement was signed, which should not have been charged per the terms of the Settlement Agreement, total 1.5 hours and should not have been included in the total. **(1.5 hour reduction.)**

d. **Extra Charges.** Plaintiffs' counsel's Motion for Fees seeks "277.7 hours." Plaintiff's "Invoice" attached to the Morgado Declaration contains entries totaling 275.4 hours. It is assumed that the difference is a mathematical error. **(2.3 hour reduction.)**

30. After deducting the above referenced errors totaling **36 hours**, Plaintiff's counsel is claiming **241.7** (which includes the 0.3 February 27, 2012 30 hour phone call) of billable time. It is my opinion that 241.7 hours is highly excessive and requires the following reductions:

e. **Duplication.** Where there is a duplication of efforts, such as having two attorneys meet about, and prepare for and attend a mediation, or attend staff and attorney interoffice conferences, in an FLSA case particularly, such duplications should be deducted. **(12 hour reduction).**

f. **Complaints and Notice.** The preparation of an FLSA tip pool Complaint, even one containing detailed facts intended to be the basis of a potential collective action such as in the instant case, along with the preparation of the Notice of Certificate of Interested Persons, and related factual and legal research, require attorney time. Plaintiffs attached an Order in which Mr. Morgado's time was reduced to 5 hours for such work (which may or may not have included later case research). Due to the detail included in this one count Complaint and the amount of time I believe it would take to conduct client intake and research to prepare the brief and formulaic second count added in the Amended Complaint, and considering the need to conduct limited additional factual and legal research for the second count added in the Amended Complaint, and considering the lack of necessity to expend

9

considerable time and resources to prepare and file a Notice of Certificate of Interested Persons, Plaintiffs' Counsel should receive an award for no more than 15 hours of time entries for this work. Mr. Morgado has listed more than **34.8** hours.**(Allow 15 hours; 19.8 hour reduction).**

g. **Unfiled Motions or Claims.** Plaintiffs' counsel seeks in excess of 12 hours for work relating to a temporary restraining order ("TRO") that was never filed. Plaintiffs should not recover for preparation of a TRO that was not filed, as this draft motion was not part of the litigation, which Defendant agreed to settle. This deduction would result in a 12.1 hour reduction. Similarly, Plaintiffs' Counsel seeks 5.5 hours in preparation of a Motion for More Definite Statement. Based upon my discussions with Defendant's counsel, Defendant's counsel advised of the reasons such motion was inappropriate, and the Motion was not filed. This deduction would result in a reduction of an additional 5.5 hours. Further, Plaintiffs' counsel seeks 1.3 hours in reviewing a potential cause of action. The claim was not filed. Plaintiffs should not recover for preparation of a claim that was never included in this suit. This deduction would result in 1.3 hours. Additional entries were made for a summary judgment and researching service outside of district, none of which were filed or which necessarily impacted the suit. **(34.60 hour reduction.)**

h. **Motion to Certify.** Despite a very detailed Complaint, Plaintiffs' Counsel spent an additional 27.4 hours on a Motion to Certify. Plaintiffs' Counsel lists in his representative cases experience with conditional class certification. The listed hours are therefore excessive. **(Allow 10 hours; 17.4 hour reduction.)**

i. **Client Communication.** Client communication is a necessary and important part of every representation. Communication with ten plaintiffs can be time consuming. However, in my experience there are also time savings in handling a multi-plaintiff case as many communications may be made in one writing and distributed to all; staff also handles much of this communication. The records do not reflect a particularly difficult client who required substantial attention. It is expected that lengthy communication may have reasonably occurred prior to and at the time of drafting the Complaint and Amended Complaint, and at settlement. Many of those communications by their nature are included in the Subsections (e) and (i) here. Thus, only the Client Communications time entries that are not included in Subsections (e) and (i) here total **26.0** hours. Mr. Morgado includes entries such as: "tracking down client re settlement agreement…0.50 hours" and "settlement agreements and status of the same. Certain client still have not returned agreement; attention to issues re same…1.0 hours." (June 26, 2012) **(Allow 20 hours; 6.0 hour reduction.)**

j. **Settlement.** The Parties mediated for approximately **6.3** hours. Those charges, as well as some reasonable mediation preparation, approximately 3.0 hours, are not challenged. Further, 5.0 of additional settlement related entries would be reasonable. Defendant's counsel advises that she drafted the settlement agreement, and Plaintiff recorded 1.5 hours for reviewing and revising the settlement agreement. Thus, allowing for each of these entries, 14.8 hours of settlement related entries is reasonable. However, Plaintiffs' counsel asserts **38.6** hours for settlement. 23.8 hours should be deducted as excessive.) **(Allow 14.8 hours; 23.8 hour reduction.)**

k. **Early Discovery.** Plaintiffs' Counsel propounded discovery outside of the discovery period. Defendant should not pay for premature or stayed discovery. **(11.5 hour reduction.)**

l. **Discovery.** There were no depositions set or taken. Despite the Court's required exchanges, and the early stage of litigation, and the fact that the particular requests made by Plaintiffs are of a routine nature, Plaintiffs' Counsel is seeking **29.30** hours for discovery. Defendant propounded no discovery requests and did not answer Plaintiffs' requests due to the Court's stays. The parties did make court-ordered exchanges. 29.30 hours is excessive. **(Allow 7 hours; 22.30 hour reduction.)**

m. **Clerical.** Plaintiffs' Counsel has sought recovery of fees for 6.6 hours of clerical work that should be deducted as certain tasks are considered the cost of doing business and are incorporated into the rate charged by an attorney and firm. **(6.6 hour reduction.)**

n. **Special Request.** Plaintiffs' Counsel has sought recovery of fees for **4.0** hours of special requests made by Counsel to the Court, including a request to postpone mediation and to allow Plaintiffs to attend through representatives. A clarification of a deadline was also requested. **(Allow 0.5; 3.5 hour reduction.)**

o. **Other.** There are an additional **16.6** hours which are not challenged. **(Allow 16.6.)**

31. The sum of the reasonable hours expended in this case and described in detail above as "Allowed," is **84.20** hours.

32. I have reviewed Mr. Morgado's affidavit, his Firm's website, and his work product in this case. While Mr. Morgado shows initiative and grit in establishing a law

firm in 2009, a mere two years subsequent to his stated graduation from law school in Connecticut in 2007, such does not guarantee that Mr. Morgado's 4+ years of legal experience is of the stature and experience of Mr. Ryan Barack, a Board Certified attorney who has been practicing since 1998, and who provided an expert affidavit in this matter affirming that he, Mr. Barack, has received $350.00 per hour and more for his expert legal services.

33. An hourly rate of $350.00 for an attorney who graduated law school in 2007 is excessive for routine FLSA litigation. I understand based on Mr. Morgado's and Mr. Barack's affidavits and attachments that Courts in the Middle District of Florida have concluded that a reasonable hourly rate for Mr. Barack is $350.00 to $400.00 per hour; the undersigned does not question Mr. Barack's entitlement to such rates. The undersigned, with 3 to 4 times the experience of Mr. Morgado, regularly charges between $275.00 and $300.00 for similar services. I have also reviewed and am familiar with Middle District case law regarding attorney's fees. It is my opinion that a rate of $200.00 per hour is more appropriate for someone with Mr. Morgado's level of experience. Mr. Morgado has provided an Order from the Middle District approving in one instance his requested $350.00 per hour, but no facts are provided as to the facts of that case, and whether such fee was agreeable to the Defendant(s).

34. Based on my experience, it is not uncommon for a Court to substantially reduce a request for attorneys' fees and costs received from a Plaintiffs' attorney in FLSA litigation even in cases where a plaintiff recovers sums far exceeding those involved in this matter, particularly where the facts of the case demonstrate that the Plaintiffs'

attorney does not exercise billing judgment and/or otherwise engages in actions which discourage settlement.

35. The undersigned submits that a fee award of $16,840 to $21,050 reflecting 84.2 hours of work at $200.00 to $250 per hour, respectively, is a reasonable attorneys' fee award in this case.

FURTHER, Affiant sayeth not.

_____
Christine R. Sensenig, Esq.

Sworn to and subscribed before me this ___ day of September, 2012, by Christine R. Sensenig, Esq. who is ☑ personally known or ☐ has produced _____ as identification.



_____
Notary Public

1884804_1.doc

13